John D. Bennett, S.
This motion is made by the respondent for reargument of petitioner’s motion to preclude respondent from presenting evidence on certain items due to respondent’s failure to serve his bill of particulars, pursuant to an order of this court dated September 23, 1960. ' The present motion is addressed to an order of this court, dated November 23, 1960 and based on this court’s decision of October 27, 1960.
The respondent bases this motion to reargue upon an alleged misapprehension of fact by the court.
In his affidavit in support of this motion, the respondent’s attorney states that the petitioner’s demand for a bill of particulars dated July 19, 1960, was received by respondent on July 22, 1960. Respondent served a notice of motion dated July 28, 1960, returnable August 10, 1960, seeking to modify the demand for the bill of particulars. Respondent’s attorney further states that he appeared in support of that motion on August 10, 1960, and requested the opportunity to examine the petitioner before filing his bill of particulars, and that the court responded that, since it was generally the court’s policy to permit such examinations before the serving of the bill of particulars, respondent would have such opportunity.
Subsequently, petitioner’s demand for the bill of particulars was modified by decision of this court dated September 13, 1960, and by an order thereon dated September 23, 1960, requiring service of the bill within 10 days from the date of service of the said order.
*576 By notice of motion dated October 13, 1960, petitioner moved to preclude respondent from offering evidence due to failure to serve the bill of particulars.
Respondent served a notice of examination dated October 20, 1960, demanding that an examination take place on November 16, 1960, which petitioner moved to vacate. This motion appeared on the calendar of this court on November 9,1960.
In the meantime, by decision dated October 27, 1960, this court ruled on the petitioner’s motion of October 13, 1960 to preclude, pointing out that generally this court will allow examinations prior to the serving of a bill of particulars, and stating further that respondent herein waited to serve his notice of examination until he was in default in serving his bill, and until after the application to preclude was commenced on that basis. Accordingly, the court granted the motion to preclude, with leave to the respondent to serve his bill within 10 days after service of a copy of the order on the respondent’s attorney.
By decision dated November 25, 1960, the court denied petitioner’s motion to vacate respondent’s notice to examine, which was made on the grounds that respondent had not yet served his bill of particulars and that the items therein were too broad. At that time, in denying the motion, the court stated that it had already precluded respondent by the terms of the October 27, 1960 decision. This did not stay the examination, but did deny the respondent the opportunity to examine prior to serving the bill of particulars.
The alleged misapprehension of fact by the court, to which respondent refers, is based upon the respondent’s inquiry of the court on August 10, 1960, requesting the opportunity to examine before serving a bill of particulars, and on the reply of the court stating its usual policy in such matters.
There has been no misapprehension of fact by the court in this matter. In answering the request of the respondent’s attorney on August 10, 1960, the court did nothing more than indicate its general practice. It was the respondent’s own acts in failing to promptly and properly make written application for the examination that gave rise to the court’s departure from the general rule stated. The respondent has delayed the orderly progress of the main proceeding herein, namely, to determine the validity of the petitioner’s right of election, by not serving the notice of examination until after the expiration of the time granted by the court for service of the bill of particulars, and after the commencement of the motion to preclude. From August 10,1960, when respondent’s attorney appeared and men *577 tioned the possibility of conducting an examination until October 20, 1960, the date of the notice to examine, over two months elapsed during which time respondent did nothing about applying for the examination. During this period the time to serve the bill of particulars expired, and the petitioner moved for an order to preclude. By his own failure to act, the respondent has waived the privilege of examining before serving his bill of particulars.
Accordingly, the motion to reargue made by the respondent is denied.
The respondent will be precluded from offering evidence to prove the items requested in the bill of particulars, unless said bill of particulars is served on petitioner on or before December 23, 1960.
The court changes the date for the examination of the petitioner from December 15, 1960, at 11:00 a.m. to January 6, 1961, at 2:00 p.m.
Settle order on five days’ notice, with three additional days if service is made by mail.